IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KONINKLIJKE AHOLD, N.V.,            ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant,   ) | |
| ) | |
| v.                                                              ) | CASE NO. 2:10-cv-1060-MEF |
| ) | (WO – Do Not Publish) |
| MILLBROOK COMMONS, LLC, *et al.*,  ) | |
| ) | |
| Defendants/Counterclaim-             ) | |
| Plaintiffs.                                             ) | |
| ) | |

## **ORDER**

Defendants/Counterclaim-Plaintiffs Millbrook Commons, LLC ("Millbrook")[1] filed a post-judgment Motion for Reasonable Attorneys' Fees and Costs of Litigation or, in the Alternative, Motion to Alter or Amend the final judgment in this case (Doc. #61) following a bench trial in this matter, where judgment was entered in its favor. For the reasons set forth below, the Court finds that Millbrook's motion is due to be DENIED.

### **I. JURISDICTION AND VENUE**

The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §

---

[1] Millbrook Commons, LLC was the original owner of the property at issue. Millbrook Commons, LLC sold the Property to Milton J. Domit (60%), Milton G. Domit (20%), and Karen Stephens (20%). Milton J. Domit is deceased and his 60% interest in the Property is now owned by the Estate of Milton J. Domit. Milton G. Domit and Karen Stephens have placed their interest in the Property in the Milton J. Domit Trust, LLC. Millbrook Commons is a joint venture between the Estate of Milton J. Domit and the Milton J. Domit Trust, LLC, and is the proper party in this litigation. For ease of reference, the Court will refer to all Defendants in this case—Millbrook Commons, LLC, Karen D. Stephens, and Milton G. Domit Limited Liability Company—collectively as Millbrook.

1332 (diversity). The parties do not contest personal jurisdiction or venue and the Court finds adequate allegations supporting both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Millbrook is the owner of property in a shopping center in Millbrook, Alabama, that it leased to Bruno's Supermarket, LLC ("Bruno's") on December 3, 2001. Plaintiff/Counterclaim-Defendant Koninklijke Ahold, N.V. ("Ahold"), an international grocery retailer, acquired Bruno's that same month—December 2001—and guaranteed Bruno's lease with Millbrook on March 29, 2002.

Bruno's filed for bankruptcy in February 2009. On March 13, 2009, pursuant to an order approved by the Bankruptcy Court, Millbrook purchased fixtures located at the Property—including refrigerators, freezers, copper pipes, and wiring—from Bruno's at a cost of $300,000.00. On April 10, 2009, the Bankruptcy Court issued an order that granted Bruno's' motion to reject its lease with Millbrook and made the rejection effective as of April 8, 2009.

Ahold initiated this lawsuit on December 13, 2010, when it filed a complaint seeking a declaratory judgment that it was not liable to Millbrook under the guaranty it executed with Millbrook. The complaint alleged, among other things, that Millbrook accepted Bruno's' abandonment of the lease by reentering the premises, thus terminating Ahold's obligation under the guaranty. Millbrook responded with a counterclaim against Ahold for breach of contract, alleging that Bruno's had defaulted on its lease with Millbrook and seeking all rent due under the lease, plus rent collection costs and reasonable attorneys' fees. Millbrook's

lease with Bruno's contains the following provision for reasonable attorneys' fees:

> If Tenant or Landlord shall bring any action for any relief against the other, declaratory or otherwise, arising out of this Lease, including any suit by Landlord for the recovery of rent or possession of the Leased Premises, the losing party shall pay the successful party a reasonable sum for attorneys' fees which shall be deemed to have accrued on the commencement of such action and shall be paid whether or not such action is prosecuted to judgment.

(Millbrook's Trial Ex. 1, ¶ 21.04.)  Similarly, Millbrook's guaranty contract with Ahold states that Ahold "agrees to indemnify and save Landlord harmless of and from all cost, liability, damage, and expense (including reasonable counsel fees), which may arise by reason of Tenant's default under the Lease or Tenant's insolvency, or Guarantor's default hereunder . . . ."  (Millbrook's Tr. Ex. 2.)

The Court granted in part and denied in part Ahold's motion for summary judgment and allowed this case to proceed to a bench trial on the sole issue of when Millbrook accepted Bruno's' abandonment of the lease.  Although Millbrook alleged it was entitled to reasonable attorneys' fees under the lease agreement and guarantee in its counterclaim against Ahold, and included this claim in the pretrial order, Millbrook presented no evidence at trial on the amount of attorneys' fees it was entitled to.  Upon conclusion of the trial, the Court found that Millbrook had accepted Bruno's' abandonment of the lease on August 10, 2009, the date it secured a new tenant for the leased property, and that Millbrook was entitled to unpaid rent in the amount of $99,008.81, plus pre-judgment interest and costs of litigation, *excluding* attorneys' fees.

3

### III. DISCUSSION

Millbrook's present motion seeks attorneys' fees in the amount of $88,832.55. (Millbrook's Ex. A, Doc. #60-1.) In the alternative, Millbrook asks the Court to allow it to submit evidence of reasonable attorneys' fees and to alter or amend the final judgment in this case awarding it reasonable attorneys' fees. In response, Ahold opposes Millbrook's motion and asks the Court to alter or amend its final judgment to find that Ahold, not Millbrook, was the prevailing party in this action. For the reasons set forth below, all motions will be DENIED.

As a threshold matter, the Court declines to find that Ahold was the prevailing party in this action. Ahold initiated this suit seeking a declaratory judgment that it had no liability to Millbrook under the guaranty and the terms of Millbrook's underlying lease with Bruno's. Although Ahold prevailed (in part) on its summary judgment motion, the Court ultimately entered judgement against Ahold, finding that it was liable to Millbrook for Bruno's breach of the lease agreement under the guaranty. Accordingly, the Court finds that Millbrook was the prevailing party in this litigation, and therefore, Ahold's motion to alter or amend the final judgment in this case (Doc. #65) is DENIED.

Federal Rule of Civil Procedure 54 provides that "[a] claim for attorney's fees must be made by motion . . . unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Because this is a suit in diversity for breach of contract, Alabama's contract law principles govern the Court's decision on Millbrook's motion for attorneys' fees. The "elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v.*

4

*Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009). Where parties have contractually agreed, in mandatory terms, that the prevailing party will pay the losing party reasonable attorneys' fees as damages in an action to recover on that contract, and the amount of reasonable attorneys' fees is in dispute, the claim for attorneys' fees may be waived if not properly presented at trial. *See Hill v. Premier Builders and Realty, LLC*, 56 So. 3d 669, 676 (Ala. Civ. App. 2010) (holding that party waived its claim to contractually-mandated reasonable attorneys' fees when it failed to object to court's jury instructions, which did not include an instruction on reasonable attorneys' fees). At the bench trial in this case, Millbrook presented no evidence on its claim for reasonable attorneys' fees under the lease. Thus, the Court found this claim to be waived by Millbrook in rendering its final judgment.

Moreover, it is a well-settled rule in the Eleventh Circuit that "when the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case." *Ierna v. Arthur Murray Int'l, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) (citing cases). Here, the parties contractually provided for attorneys' fees, and Millbrook included its claim for attorneys' fees in its complaint and proposed pretrial order, as well as its proposed findings of fact and conclusions of law. It is clear from these filings that Millbrook considered attorneys' fees to be an integral part of its breach-of-contract counterclaim against Ahold under the lease and the guaranty. Yet Millbrook presented no evidence of this claim at trial. Moreover, Millbrook never moved the Court to bifurcate the issue of attorneys' fees from the rest of the issues in the case pursuant to Federal Rule of Civil Procedure 42(b) (providing that courts may order separate trials on separate issues to expedite and economize

5

the trial).  Based on the foregoing, the Court deems Millbrook's claim for attorneys' fees as waived.  Thus, Millbrook's motion seeking attorneys' fees and to alter and amend the judgment to award attorneys' fees is DENIED.

### IV. CONCLUSION

It is hereby ORDERED as follows:

1.  Millbrook's Motion for Reasonable Attorneys' Fees and Costs of Litigation or, in the Alternative, Motion to Alter or Amend the final judgment in this case (Doc. #61) is DENIED;

2.  Ahold's Motion to Alter or Amend the final judgment in this case (Doc. #65) is DENIED; and

3.  Millbrook's Motion for Certificate of Appealability (Doc. #63) is GRANTED.

DONE this the 8th day of August, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE